FILED

April 6, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:13 PM



# COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

Barry Anderson,
      Employee,

v.

Aramark,
      Employer,

And

Indemnity Insurance Co. of North America,
      Insurance Carrier.

Docket No.: 2015-08-0295

State File No.: 58886-2015

Judge: Jim Umsted

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

This case came before the undersigned Workers' Compensation Judge on March 23, 2016, upon the Request for Expedited Hearing filed by the employee, Barry Anderson, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether the employer, Aramark, must provide medical and temporary disability benefits for Mr. Anderson's alleged work-related right-knee injury. For the reasons set forth below, the Court finds Mr. Anderson is entitled to a panel of physicians.[1]

### History of Claim

Mr. Anderson is a forty-six-year-old resident of Shelby County, Tennessee. He worked for Aramark for approximately ten years. On May 19, 2015, Aramark transferred him to the "mats cell." This position entailed pulling and rolling wet mats and moving the mats with a cart. According to Mr. Anderson, this position was more strenuous than the job he held prior to his transfer.

On May 26, 2015, Mr. Anderson claimed he injured his right knee while pulling mats. He reported the injury to Patsy Sharp, his shop steward, and also to Tom McMillan, the plant manager, and asked to be moved back to his former department. He testified he asked for medical treatment, but none was offered. He continued working in

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

the mats cell after his injury until his right-knee pain became unbearable.

He sought treatment on his own with his primary care physician, Dr. Lloyd Robinson, on July 24, 2015. He presented with complaints of bilateral leg pain, and he advised Dr. Robinson his right-knee symptoms began after his job duties changed. He told Dr. Robinson his new job was more strenuous and involved significant bending. Dr. Robinson took x-rays of Mr. Anderson's knees, which showed evidence of a prior ACL/MCL repair of the left knee but no acute findings for the right knee. Dr. Robinson diagnosed Mr. Anderson with right-knee pain and osteoarthrosis and prescribed medication for pain. He also placed Mr. Anderson on restricted duty and referred him to an orthopedic specialist.

Mr. Anderson began treating with an orthopedic specialist, Dr. Anthony Mascioli at Campbell Clinic, on August 3, 2015. Dr. Mascioli diagnosed Mr. Anderson with a right-knee medial meniscus tear and ordered physical therapy. Dr. Mascioli also placed Mr. Anderson on light-duty restrictions of no deep knee bending, squats, or pushing/pulling more than twenty-five pounds. In addition, he limited Mr. Anderson to eight-hour shifts until further notice. On August 17, 2015, Dr. Mascioli ordered an MRI of Mr. Anderson's right knee. To date, the MRI has not been performed.

Aramark terminated Mr. Anderson's employment on August 3, 2015, due to issues with his production. Thereafter, on August 17, 2015, it denied Mr. Anderson's workers' compensation claim. It argued there was no mechanism of injury by accident and that the alleged injury was personal and pre-existing in nature. It also asserted the injury did not arise primarily out of and in the course and scope of Mr. Anderson's employment.

During the Expedited Hearing held on March 23, 2016,[2] the parties agreed Mr. Anderson was an employee of Aramark at the time of his alleged injury on May 26, 2015, and his average weekly wage was $518.00. Mr. Anderson testified he was pulling down on a wet mat on May 26, 2015, when he began to feel burning in his right leg. According to Mr. Anderson, he asked for medical treatment for his right knee when he reported the injury to Ms. Sharp. He further testified Aramark refused to provide him with paperwork to file a workers' compensation claim because it claimed there was no new injury. He advised he had a prior left-knee injury for which he was on FMLA for the past four years.

At the Expedited Hearing, Mr. Anderson called his union representative, Sheila Dogan, to testify on his behalf. Ms. Dogan testified Mr. Anderson was on FMLA, allowing him to work with restrictions, due to a previous injury at the time of his alleged May 26, 2015 injury. Ms. Dogan was involved in the grievance process that arose after Aramark transferred Mr. Anderson to the mats cell. She confirmed the mats cell position

---

[2] The Court also set Aramark's Motion to Dismiss for Failure to Prosecute for hearing on March 23, 2016. However, Aramark's attorney, Christopher M. Myatt, withdrew the motion during preliminary discussions.

was more strenuous than Mr. Anderson's prior job and indicated the position caused Mr. Anderson problems with both of his knees.

No witnesses testified on behalf of Aramark.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Anderson need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he has met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Anderson nor Aramark. *See* Tenn. Code Ann. § 50-6-116 (2015).

To be compensable under the workers' compensation statutes, Mr. Anderson's injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "Injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* An injury is "accidental" only if it "is caused by a specific incident, or set of incidents," and "is identifiable by time and place of occurrence." *Id.* "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the alleged work injury "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

In this case, the Court finds Mr. Anderson presented as a reasonable and honest witness. The Court finds him credible and his account of the May 26, 2015 incident is believable. As such, the Court finds Mr. Anderson's right-knee injury occurred on May 26, 2015, while he was pulling on a wet mat at work. Accordingly, the Court finds Mr.

3

Anderson's injury arose primarily out of and in the course and scope of the employment as required by Tennessee Code Annotated section 50-6-102(14) (2015). The Court further finds that Aramark received proper notice of Mr. Anderson's injury.

Mr. Anderson seeks medical care for his right knee. While he presented no medical proof his work injury caused his right-knee condition, the law does not require him to present proof of medical causation to obtain medical care at an Expedited Hearing. *See McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9. He only must prove he is likely to prevail at a hearing on the merits concerning his entitlement to medical treatment. Tenn. Code Ann. § 50-6-239(d)(1) (2015). The Court finds he carried this burden. Accordingly, the Court finds Aramark must provide medical benefits in the form of a panel of physicians from which Mr. Anderson may select an authorized physician to provide treatment for any injuries arising primarily out of the May 26, 2015 work accident. *See* Tenn. Code Ann. § 50-6-207(a)(3)(A)(i) (2015).

Mr. Anderson also seeks reimbursement for past medical expenses and temporary disability benefits. The Court finds Mr. Anderson presented insufficient evidence at this hearing to justify an award for past medical expenses and temporary disability benefits. The Court notes that this is an interlocutory ruling, and Mr. Anderson is not precluded from requesting said benefits at a later hearing.

**IT IS, THEREFORE, ORDERED** as follows:

1. Aramark or its workers' compensation carrier shall provide a panel of physicians so Mr. Anderson can select an authorized treating physician to provide treatment for any injuries arising primarily out of the May 26, 2015 work accident as required by Tennessee Code Annotated section 50-6-204 (2015).

2. This matter is set for an Initial (Scheduling) Hearing on May 30, 2016, at 10:30 a.m. Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

4

**ENTERED** this the 6th day of April, 2016.

Judge Jim Umsted
Court of Workers' Compensation Claims

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

5

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Barry Anderson;
2. Form C-23 Notice of Denial of Claim for Compensation;
3a. Photograph of Mr. Anderson's knees;
3b. Photograph of Mr. Anderson pushing cart with mats;
3c. Photograph of mats;
3d. Photograph of Mr. Anderson pulling cart with mats;
3e. Photograph of Mr. Anderson pushing cart with mats;
4. Medical records from Robinson and Associates PC; and
5. Medical records from Campbell Clinic.

Technical record:
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Aramark's position statement of August 24, 2015;
5. Aramark's Motion to Dismiss for Failure to Prosecute;
6. Order on Show Cause Hearing; and
7. Order for Expedited Hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __6th__ day of April, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Barry Anderson, Employee | | | x | bthecrown31@aol.com |
| Christopher M. Myatt, Employer's Attorney | | | x | cmyatt@spicerfirm.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8